UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

DALE KARROLL MANGOLD, JR. and                    Case No. DK 12-09642
VICKY LYNN MANGOLD,                              Hon. Scott W. Dales

                        Debtors.
_____/

MEMORANDUM ORDER DENYING
MOTION FOR AVOIDANCE OF LIEN

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Chapter 7 Debtors Dale and Vicky Mangold ("Debtors"), through counsel, filed their Motion for Avoidance of Impairing Lien on Exempt Property (the "Motion," Docket No. 17) regarding the supposed lien of Patriot Financial, Inc. ("Patriot") on a 2004 Chevrolet Monte Carlo. The chapter 7 trustee, Laura Genovich (the "Trustee"), and Patriot both opposed the Motion. The court has considered the Motion, the opposition, and the oral arguments presented during a hearing held on March 6, 2013 in Kalamazoo, Michigan. For the reasons set forth on the record, the court will deny the Motion.

More specifically, as the court explained during the hearing, the proceeding is one to determine the validity, priority or extent of Patriot's lien on the automobile and, therefore, requires the additional procedural protections available through an adversary proceeding. *See* Fed. R. Bankr. P. 7001(2).

To the extent the Debtor is seeking relief in a contested matter under Rule 4003(d), the court is similarly constrained to deny the Motion. Because the lien at issue appears to be a "security interest" rather than a "judicial lien," the Debtors cannot rely on § 522(f)(1)(A).

*Compare* 11 U.S.C. § 101(36) (judicial lien) *with id.* §101(51) (security interest). And, because automobiles are excluded from the definition of "household goods," the Debtors may not rely on §522(f)(1)(B). *See id.* § 522(f)(1)(B) and (f)(4)(B)(v).

Finally, as the Trustee argued, to the extent that Patriot's lien is avoidable under another provision within Chapter 5, the avoidance and any recovery would inure to the benefit of the estate, not directly to the Debtors. 11 U.S.C. §§ 550 and 551. The Trustee is the representative of the estate, and therefore the proper party to seek avoidance. *Id.* § 323(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion, Docket No. 17, is DENIED without prejudice to any challenge to Patriot's lien that the Trustee may file in a proper proceeding.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors, Martin O. Kirk, Esq., John D. Krisor, Jr., Esq., Cody H. Knight, Esq., Laura J. Genovich, Esq., and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 8, 2013**



Scott W. Dales
United States Bankruptcy Judge